UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-338-MU

| | | |
|---|---|---|
| DOUGLAS C. ADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

THIS MATTER comes before the court upon its own motion. On July 25, 2005, Plaintiff Douglas C. Ader filed a complaint against Defendant Bank of America, N.A. and a Motion to Proceed in forma pauperis. On August 2, 2005, this court granted the motion allowing Plaintiff to proceed in forma pauperis. This court now dismisses Plaintiff's complaint with prejudice as frivolous.

Under 28 U.S.C. § 1915 (e)(2)(B)(i), a frivolous complaint filed in forma pauperis may be dismissed by the court sua sponte. A complaint will be considered frivolous if it lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Thus, a case may be dismissed where the factual claims are "fantastic" or "delusional," Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), or where the claim is based on "an indisputably meritless legal theory," Neitzke, 490 U.S. at 327. Additionally, 28 U.S.C. § 1915 (e)(2)(B)(ii) allows for dismissal for "failure to state a claim on which relief can be granted." For purposes of this inquiry, the court is not required to accept as true the plaintiff's factual allegations, but may apply common sense and reject the fantastic. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).

**I- Factual Frivolousness of Plaintiff's Complaint**

Plaintiff's complaint is sparse on facts, relying instead on conclusory statements with little to no proffered foundation. Plaintiff states only that Defendant Bank of America, N.A. intended to perpetrate fraud against himself and the Justice System as a whole by filing suit in Arizona Superior Court against "DOUGLAS CLAY ADER." Plaintiff claims that Bank of America knew, based on Title 12 of the United States Code, that when presented in all capital letters, his name referred to a corporation rather than to the "natural person" Douglas Clay Ader. Plaintiff has offered no evidence that any such corporation does or could exist, and neither is it apparent how a reading of Title 12, no matter how thorough, could have alerted the defendant to any such existence.

Plaintiff further alleges that Bank of America then paid to have the Arizona Superior Court

"legalize the swindle by imposing a Default Judgment on the company DOUGLAS CLAY ADER." A reading of the Arizona court's order clearly shows that a default judgment was entered against Plaintiff after he failed to reply to Bank of America's Motion to Dismiss his counterclaim and its Motion for Judgment on the Pleadings. Plaintiff does not allege that this order was in any way inaccurate or unwarranted, or that Bank of America's initial claims against him were meritless and did not warrant such a remedy. His complaint seems to stem solely from the fact that his name was presented in all capitals letters in the Order's caption and in lower case further down where judgment was entered against him.

Based on these assertions, Plaintiff declares that it is "clear" that the defendant intended a fraud. Such a naked allegation will not support an otherwise fantastical claim. Cochran, 73 F.3d at 1317. Conclusory statements of this nature are especially useless in cases such as this where fraud is involved, as the Federal Rules of Civil Procedure specifically require fraud to be pleaded with particularity. Fed. R. Civ. P. 9(b). Because of this and because Plaintiff's conclusory allegations of fraud are clearly baseless when common sense is applied to them, the complaint must be dismissed as frivolous.

**II- Legal Frivolousness of Plaintiff's Claims**

In addition to the factual problems with Plaintiff's complaint, his claims lack legal merit. Both § 1581 and § 1341 are criminal sections, and neither creates a civil remedy. Turner v. Unification Church, 473 F.Supp. 367, 375 (D. R.I. 1978) (holding that the anti-peonage statute does not create a private cause of action); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) (holding that no private cause of action exists under the mail fraud statute). As such, Plaintiff has failed to state any claim on which relief can be granted and his complaint should therefore be dismissed under § 1915 (e)(2)(B)(ii).

The court finds that Plaintiff's claims are frivolous and without merit on either legal or factual grounds. Because of the incurably frivolous nature of these claims and in the interest of judicial economy, Plaintiff should not be allowed to reassert them at will.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**Signed: August 17, 2005**

Graham C. Mullen
Chief United States District Judge